IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE LEARNING TREE, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: |
| CITY OF HELENA, | § § § | |
| Defendant. | § § | |

COMPLAINT
(With Demand for Injunctive Relief)

I. INTRODUCTION.

This Complaint is filed to ensure the rights of persons with disabilities to fair and equitable housing, transportation, and quality of life as guaranteed by the Fair Housing Amendment Act of 1988 (FHAA) (42 U.S.C. § 3601, *et seq.*) and the Americans with Disabilities Act Amendment Act, Title II, as amended in 2008 (effective 2009) (ADAAA) (42 U.S.C. § 12201) More specifically, The Learning Tree, Inc. challenges the intentional conduct of the City of Helena, Alabama in denying the rights of children who have disabilities to live in a community environment by "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Further, the City of Helena is to be held liable for the deprivation of the rights of

1

children who have disabilities to equal protection of the law pursuant to the 14th Amendment to the United States Constitution caused by employees of the City of Helena carrying out a governmental policy or custom. 42 U.S.C. § 1983.

The Plaintiff seeks redress in compensation for actual and punitive damages.

## II. JURISDICTION AND VENUE.

1. This Court has jurisdiction pursuant to 42 U.S.C. § 3613, and 29 U.S.C. § 1331. This Court has the authority to enter a declaratory judgment pursuant to 28 U.S.C. § 2201(a). Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## III. PARTIES.

Plaintiff

2. The Learning Tree, Inc. (The Learning Tree) is a nonprofit organization incorporated in the state of Alabama in 1983. The purpose of The Learning Tree is to provide educational, residential and support services for children and adolescents with developmental disabilities, intellectual disabilities, and emotional and behavioral disabilities (including children and adolescents who have autism). The Learning Tree serves more than 600 children and adolescents from more than 30 counties from across the state of Alabama.

3. The Learning Tree provides the following services in Alabama: (a) behavioral clinical services in Birmingham, Anniston, Montgomery, and Mobile; (b) preschool services in Mobile, Auburn, and Jacksonville; (c) outreach and

consultation services to more than 75 public school districts; and, (d) residential services in Jacksonville, Mobile, Tallasee, Piedmont, Pelham, and Helena.

4. The Learning Tree is a 501(c)(3) organization that provides, *inter alia*, a community-based home environment in a residential setting to children and adolescents who have significant disabilities and who require specific behavioral, educational, and social and emotional interventions and training that they cannot receive in their natural family environments. The Learning Tree has provided these services in Alabama since 1983. There are currently 9-12 children on The Learning Tree's list awaiting residential placement.

5. The Learning Tree operates 34 residential homes. Each home has no more than four (4) children, and more commonly just three (3), living in the home. To facilitate and encourage a more normal community-based living environment the homes are typically located in areas zoned R-1, residential.

6. The Learning Tree accepts residential placement referrals from the Alabama Department of Mental Health (DMH), the Alabama Department of Human Resources (DHR), the Alabama State Department of Education (ALSDE), and from parents, physicians and psychologists.

7. In providing residential placements for children who have disabilities, The Learning Tree must follow the rules and regulations of the Alabama Department of Mental Health, the Alabama Department of Human Resources, and the state and

federal laws that have been created to protect and provide for individuals with disabilities.

8.	The corporate office for The Learning Tree is located in Tallasee, Alabama. Dr. Marc Williams is the Director of The Learning Tree. *See* Exhibit A, Affidavit of James Marcus Williams, Jr.

<u>Defendant</u>

9.	The City of Helena, Alabama is a corporate body with the power to "sue or be sued" in any Court of record pursuant to Code of Alabama § 11-40-1.

10.	The City Attorney for the City of Helena prosecutes alleged zoning violations.

IV. <u>FACTUAL ALLEGATIONS</u>.

11.	The Plaintiff realleges and incorporates by reference the foregoing paragraphs 1 – 10 with the same force and effect as if fully set out in specific detail hereinbelow.

12.	The Learning Tree residential home that is the subject of this lawsuit (hereinafter referred to as "Pup Run Home") was leased by The Learning Tree from the individual property owner, Mr. Matthew Dohn. The address of the subject home is 2231 Pup Run, Helena, Alabama 35080.

13.	In preparation of opening the Pup Run Home for placement of eligible children, The Learning Tree made modifications to the Pup Run Home to be

compliant with the requirements promulgated by DMH. Modifications were also made for the Home to be compliant with the National Fire Protection Association 101 Life Safety Code.

14. The Pup Run Home is certified by the Alabama Department of Mental Health (DMH) to provide residential services to no more than three (3) children.

15. There are currently three (3) children living at the Pup Run Home, namely, T.H., C.C., and M.W.

16. The children who are residents of the Pup Run Home all meet the criteria of the ADAAA[1] and FHAA as having disabilities.[2] All of the current residents of the Pup Run Home have been diagnosed as having autism[3] and intellectual disabilities.[4]

17. The Pup Run Home is maintained with CPR and first aid trained staff. Medical staff is also available on an as needed basis.

---

[1] The term "qualified individual with a disability" under the ADAAA means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

[2] The FHAA defines disability as: "a person who has a physical or mental impairment that substantially limits one or more major life activity; a record of having such an impairment; or, being regarded as having such impairment."

[3] Autism is defined as ""a developmental disability significantly affecting verbal and nonverbal communication and social interaction, generally evident before age three, that adversely affects a child's educational performance." Characteristics often associated with autism include: "engaging in repetitive activities and stereotyped movements, resistance to environmental change or change in daily routines, and unusual responses to sensory experiences."

[4] Intellectual disability is defined as: "a disability characterized by significant limitations both in intellectual functioning and in adaptive behavior that affect many everyday social and practical skills."

18. The Pup Run Home provides a compassionate environment for the children. They are provided transportation to habilitation, recreational activities, going grocery shopping, and eating out. They attend medical appointments. The passenger vans are owned by The Learning Tree and were purchased with federal grant money. It is necessary that vans and the personal cars of various staff members park the vehicles on the Pup Run Home property.

19. The residential homes operated by The Learning Tree, including the Pup Run Home, have staff that by their education, training, and experience are equipped to provide the aforementioned services to the children in their care. Supervision is provided 24 hours per day, seven days a week. The Pup Run Home has professional and direct-care staff assigned over three (3) shifts.

Alleged Violations

20. In preparation for opening the Pup Run Home for residential placements, Dr. Heather Jones, the Regional Director for the Birmingham region of The Learning Tree, attempted to change the billing for the water service at the Pup Run Home from the property owner, Mr. Dohn's name to that of The Learning Tree. The provision of the water service and the billing for the Pup Run Home is controlled under the auspices of the Defendant. According to Dr. Jones, the request to change the water billing to The Learning Tree was denied by City of Helena Director of Building and Zoning because "using the Pup Run Home for a residential program

by The Learning Tree 'is not a permitted use in a single-family zone.'" No offer was made to make reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford the residents of the Pup Run Home an equal opportunity to use and enjoy the Pup Run Home.

21. A subsequent telephone communication between the undersigned Plaintiff's attorney and City of Helena Director of Building and Zoning, Chad Campbell, only served to reinforce the Defendant's position that the Pup Run Home is not a permitted use in a single-family zone. Mr. Campbell directed further discussion of the Pup Run Home to the Defendant's attorney, William Justice.

22. The Plaintiff's Attorney explained to the Defendant's attorney, Mr. Justice, that there were statutory and caselaw provisions that would permit the Pup Run Home in single-family residential zone. A subsequent email from Attorney Justice stated, "The Helena officials have concluded not to allow the proposed group home at 2231 Pup Run on the basis that it is not a permitted use in a single-family residential zone."

23. <u>Retaliation and harassment</u>. On or about the 31st day of July 2019, a staff member of the Pup Run Home, Phillip Whatley, was served with a complaint to appear in Helena Municipal Court on violations for (a) "doing business without a license;" and, (b) "accessory bldg and structures."

24. On the above-referenced date, Mr. Whatley was employed by The Learning Tree and was serving as a supervisor of the Pup Run Home.

25. The Mr. Whatley's assignment as supervisor at the Pup Run location was made by the administrator of The Learning Tree.

26. The Learning Tree was the entity that leased the property at 2231 Pup Run, Helena AL 35080 for the purpose of operating a group home for children with disabilities.

27. Mr. Whatley was not involved in the selection of the location for the group home nor was Mr. Whatley involved in choosing who, if anyone, would be placed in the group home as a resident.

28. Mr. Whatley does not exercise any authority as an administrator within The Learning Tree, Inc.

29. Mr. Whatley was not the proper party against whom the above-referenced violations should be brought.

30. Those violations at the time of the filing of this complaint are pending.

31. The selective enforcement of the zoning ordinances by the Defendant that is at issue constitutes an intentional targeting of The Learning Tree, Inc. and the children who are served by The Learning Tree who have disabilities.

32. <u>Damages</u>. The Defendant's actions have caused the Plaintiff and the children who reside at the Pup Run Home harm by denying them the equitable

enjoyment of housing opportunities based on their disabilities by threatening the The Learning Tree personnel with continued legal action.

33. The Defendant's actions have caused the Plaintiff and these children harm by denying them the equitable enjoyment of housing opportunities based on their disabilities by and by threatening The Learning Tree with closing the Pup Run Home.

34. The forced closing of the Pup Run Home would cause The Learning Tree to lose income.

35. The defense of the legal action brought against The Learning Tree by the Defendant and the filing of this action by The Learning Tree has caused The Learning Tree to incur legal expenses, filing fees, and other reasonable costs.

## V. VIOLATIONS UNDER THE FHAA.

36. The Plaintiff realleges and incorporates by reference the foregoing paragraphs 1 - 35  hereinabove with the same force and effect as if fully set out in specific detail hereinbelow.

37. The FHAA prohibits practices which restrict the housing choices of person with disabilities or otherwise limits the opportunities of persons with disabilities to live in the community. 42 U.S.C. § 3604(f)(3)(B).

38. The FHAA defines discrimination as "a refusal to make reasonable accommodation in rules, policies, practices and services when accommodations are necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.*

39. The children who live in the Pup Run Home are all persons with disabilities as that term is defined by the FHAA. 42 U.S.C. § 3602(h).

40. The Defendant has intentionally, and with willful, reckless, and callous disregard, discriminated against the Plaintiff in violation of the FHAA. The Defendant's intent is to prohibit the Plaintiff from providing children with disabilities the enjoyment of a home in a community-based residential area.

41. The Defendant's personnel have intimidated, threatened, or interfered with the Plaintiff's personnel in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the FHAA. 42 U.S.C. § 3617.

42. As a result of Defendant's actions, the Plaintiff has suffered harm including damages, humiliation, pain and suffering and violation of the potential range of opportunities to live in the City of Helena residential community as enjoyed by persons without disabilities.

43. The Defendant has subjected the Plaintiff to potential liability for criminal violation under zoning ordinances of the City of Helena.

## VI. PRAYER FOR RELIEF UNDER THE FHAA.

(A) Enter a declaratory judgment that Defendant's actions are in violation of the FHAA.

(B) Issue a preliminary and permanent injunction enjoining the Defendant from denying the Plaintiff its rights under the FHAA including enjoining the Defendant from taking any action to enforce the zoning ordinance that would prohibit the Defendant from having a residential home for children who have disabilities in a single-family zone.

(C) Award such preventive relief, including a temporary or permanent injunction, restraining order, or other order against the Defendant responsible for a violation of the Defendant as is necessary to assure the full enjoyment of the rights granted by the FHAA.

(D) Issue a temporary and permanent injunction enjoining the Defendant, its personnel, or anyone it should so direct from coercing, intimidating, threatening, or in any manner interfering with persons in the exercise of or enjoyment of, or on account of their having exercised of any right granted or protected by the FHAA.

(E)  Direct the Defendant to amend its zoning code to create a process for requesting reasonable accommodations or modifications from the zoning code on the basis of disability. Further direct the Defendant that it shall not impose any fees or costs for requesting a reasonable accommodation or modification, or otherwise retaliate against any qualified person, or anyone who acts on behalf of any qualified person.

(F)  Grant the Plaintiff its actual and punitive damages, including the cost of bringing this action.

(G)  Grant all other such relief as may be required by law or equity.

## VII. VIOLATION OF TITLE II OF THE ADAAA.

44. The Plaintiff realleges and incorporates by reference the foregoing paragraphs 1 - 43 hereinabove with the same force and effect as if fully set out in specific detail hereinbelow.

45. The children who reside in the Pup Run Home are persons with disabilities as defined by the ADAAA. 42 U.S.C. § 12131(2). The Learning Tree is a program that is associated with and cares for children who have disabilities.

46. The Defendant meets the definition of a public entity. 42 U.S.C.12131(1)(A).

47. The Defendant has intentionally, and with malicious, callous, and willful disregard engaged in discriminatory actions against the Plaintiff in violation of Title II of the ADAAA when, as public entities, they subjected the Plaintiff and the children in its care to discrimination. 42 U.S.C. § 12132. Specifically, the provision provides "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

48. The Defendant has utilized its zoning ordinance to limit the opportunities that the children under the care of the Plaintiff have to live in a community-based residential environment.

49. As a result of the Defendant's discrimination, the Plaintiff has suffered the following harm and damages: humiliation, pain and suffering and violation of the range of opportunities to live in and enjoy a community-based residential environment like persons who do not have disabilities.

50. Additionally, the Defendant has subjected the Plaintiff to potential liability for criminal violations under the Defendant's zoning ordinance.

## VIII. <u>PRAYER FOR RELIEF UNDER THE ADAAA</u>.

(A)   Enter a declaratory judgment that the Defendant's actions are in violation of Title II of the ADAAA, including a declaration that the Plaintiff is not subject to the "single family" zoning ordinance.

(B)   Enter a preliminary and permanent injunction enjoining the Defendant from denying the Plaintiff its rights under Title II of the ADAAA, including enjoining the Defendant from taking any action to enforce the "single-family" zoning ordinance.

(C)   Grant a preliminary and permanent injunction enjoining the Defendant from interfering in any discriminatory manner in the operation of the home or transport to or from the Pup Run Home.

(D)   Issue a temporary and permanent injunction enjoining the Defendant, its personnel, or anyone it should so direct from coercing, intimidating, threatening, or in any manner interfering with persons in the exercise of or enjoyment of, or

      on account of their having exercised of any right granted or protected by the ADAAA.

(E)     Direct the Defendant to amend its zoning code to create a process for requesting reasonable accommodations or modifications from the zoning code on the basis of disability. Further direct the Defendant that it shall not impose any fees or costs for requesting a reasonable accommodation or modification, or otherwise retaliate against any qualified person, or anyone who acts on behalf of any qualified person.

(F)     Grant the Plaintiff its actual and punitive damages, including the cost of bringing this action.

(G)     Grant all other such relief as may be required by law or equity.

## IX. <u>VIOLATIONS UNDER THE 14TH AMENDMENT</u>.

51.    The Plaintiff realleges and incorporates by reference the foregoing paragraphs 1 - 50 hereinabove with the same force and effect as if fully set out in specific detail hereinbelow.

52.    The Defendant has denied the Plaintiff and the children it serves equal protection under the law by denying reasonable and appropriate accommodations and modifications to its zoning ordinance that restricts residences to single families.

53. The Defendant has intentionally, and with malicious, callous, and willful disregard engaged in discriminatory actions against the Plaintiff in violation of the 14th Amendment to the U.S. Constitution.

## X. PRAYER FOR RELIEF UNDER THE 14TH AMENDMENT.

(A) Enter a declaratory judgment that the Defendant's actions are in violation of the 14th Amendment to the U.S. Constitution, including a declaration that the Plaintiff is not subject to the "single family" zoning ordinance.

(B) Enter a preliminary and permanent injunction enjoining the Defendant from denying the Plaintiff its rights under the 14th Amendment to the U.S. Constitution, including enjoining the Defendant from taking any action to enforce the "single-family" zoning ordinance.

(C) Grant a preliminary and permanent injunction enjoining the Defendant from interfering in any discriminatory manner in the operation of the home or transport to or from the Pup Run Home.

(D) Issue a temporary and permanent injunction enjoining the Defendant, its personnel, or anyone it should so direct from coercing, intimidating, threatening, or in any manner

       interfering with persons in the exercise of or enjoyment of, or on account of their having exercised of any right granted or protected by the 14th Amendment.

(E)     Direct the Defendant to amend its zoning code to create a process for requesting reasonable accommodations or modifications from the zoning code on the basis of disability. Further direct the Defendant that it shall not impose any fees or costs for requesting a reasonable accommodation or modification, or otherwise retaliate against any qualified person, or anyone who acts on behalf of any qualified person.

(F)     Grant the Plaintiff its actual and punitive damages, including the cost of bringing this action.

(G)     Grant all other such relief as may be required by law or equity.

RESPECTFULLY SUBMITTED this the 13th day of January 2020.

                                                         /s/James D. Sears
                                          JAMES D. SEARS [SEARJ1750]

Attorney for the Plaintiff
5809 Feldspar Way
Hoover AL 35244
(205) 588-0755
jdsears@searslaw.net

THE DEFENDANT WILL BE SERVED BY PERSONAL SERVICE:

City of Helena, Alabama
c/o Mark R. Hall, Mayor
816 Hwy 52 W
Helena AL 35080